UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NESHA LOBDELL,
   Plaintiff,

vs.                                                                   No. 08-1139

JUDGE BORDEN, et. al,
   Defendants

## MERIT REVIEW AND CASE MANAGEMENT ORDER

     This cause is before the court for a merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The pro se plaintiff has filed his complaint against five defendants including Judge Stuart Borden, Peoria County States Attorney Kevin Lyons, Assistant States Attorney Kim Moss, Judge Michel Brandt and Attorney General Lisa Madigan. The plaintiff has used a standard 42 U.S.C. §1983 complaint form and checked "unknown" for the basis of his complaint. The plaintiff is incarcerated in the Peoria County Jail and claims that the defendants violated his constitutional rights. (Comp, p. 5). The plaintiff's complaint not only asks for $200,000 in damages, but also requests "relief from judgement." (Comp., p. 10) Therefore, the court asked the plaintiff to clarify whether he intended to file a habeas corpus petition challenging his conviction or a lawsuit pursuant to §1983 for damages. *See* July 8, 2008 Text Order. The plaintiff has now responded that he intended to file his lawsuit for a violation of his constitutional rights pursuant to §1983. [d/e 6]

     The plaintiff says on August 27, 2004, he agreed to a plea bargain in three cases. The plaintiff does not believe the judge properly admonished him regarding his rights at the time of his plea. The plaintiff says he has filed numerous petitions for Relief from Judgement in Peoria County.

     The plaintiff also says he filed a Habeas Corpus petition in Johnson County, "but it was dismissed by Lisa Madigan." (Comp, p. 6). The court notes that the plaintiff has correctly identified Lisa Madigan as the Illinois Attorney General. (Comp, p. 3)

     The plaintiff is asking to be compensated for the time he has spent in prison. He is also asking to be compensated for a scar over his eye and neck and back injuries he received in 2007. The plaintiff says if he were not in custody, he would not have received the injuries.

     The plaintiff has failed to state a claim upon which relief can be granted. The plaintiff

does not mention all of the defendants in the body of his complaint. Nonetheless, judges are shielded from civil liability for their judicial actions, unless they have acted in "clear absence of jurisdiction." *Stump v. Sparkman*, 435 U.S. 9, 10 (1991); *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000). Judicial immunity applies, even when the action is alleged to have been in error, procedurally flawed, or with bad motive. *Id.* See also, *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990)(allegations of conspiracy insufficient to overcome judicial immunity); *Eades v. Sterlinske*, 810 F.2d 723, 725-26 (7th cir. 1987) (immunity applies even when alleged act was malicious or corrupt). The plaintiff has failed to state any claim against Judges Michel Brandt or Stuart Borden.

In addition, prosecutors such as States Attorney Kevin Lyons and Kim Moss enjoy absolute immunity from suits for actions taken in the course of presenting their case. *Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated " with the judicial process); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994)(prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"). See also *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence.")

Finally, the plaintiff has failed to state any claim against Illinois Attorney General Lisa Madigan. While its possible an attorney from the Attorney General's office argued against a habeas corpus petition, the Attorney General would have no authority to dismiss a petition.

It is not clear if the plaintiff was also intending to state a claim based on the injuries he received while in custody. If so, he has failed to state a claim upon which relief can be granted. The plaintiff did not include any information in the body of his complaint. He has not named any defendants that were responsible for his injuries and has not provided any information about when or how the injuries occurred. It is not even clear whether any jail employee caused the injuries or had any reason to know the plaintiff was in danger.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have**

   **$350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4)  **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5)  **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6)  **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

      Entered this 16th day of July, 2008.


      s\Harold A. Baker
   _____
      HAROLD A. BAKER
    UNITED STATES DISTRICT JUDGE